VINOD NICHANI|SBN 277607
NICHANI LAW FIRM
111 North Market Street, Suite 300
San Jose, California 95113
Phone: 408-800-6174
Fax: 408-290-9802
Email: vinod@nichanilawfirm.com

(Proposed) Attorney for Debtor-in-Possession
EMPIRE INVESTMENTS LLC dba EMPIRE
INVESTMENTS TEAM LLC;

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVSION

| | |
|---|---|
| In re:<br><br>EMPIRE INVESTMENTS LLC dba EMPIRE INVESTMENTS TEAM LLC;<br><br>Debtor-in-Possession. | Case No.: 22-50645 SLJ<br><br>Chapter 11<br><br>DEBTOR'S OPPOSITION TO PAUL NGUYEN'S MOTION TO DISMISS<br><br>Date: September 6, 2022<br>Time: 2:00 p.m.<br>Place: Via Video or Teleconference<br>      United States Bankruptcy Court<br>      280 South First Street<br>      Courtroom 9<br>      San Jose, California 95113 |

**TO: THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES**

EMPIRE INVESTMENTS LLC, dba EMPIRE INVESTMENTS TEAM LLC, Debtor-in-Possession (hereinafter "Debtor"), hereby files its Opposition of Debtor Paul Nguyen's Motion to Dismiss.

///

///

///

**Table of Contents**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 4
I.   INTRODUCTION ................................................................................................................. 4
II.  FACTUAL BACKGROUND ................................................................................................. 4
   A.   Facts ................................................................................................................................ 4
   B.   Graph of Transactions ..................................................................................................... 9
III. STANDARD FOR DISMISSAL ........................................................................................... 10
IV. LEGAL ARGUMENT .......................................................................................................... 10
   C.   Movant is Not the Only Lien Holder ........................................................................... 10
   D.   Petition Filed In Good Faith ......................................................................................... 11
V.  STATE COURT PROCEEDINGS ........................................................................................ 12
VI. CONCLUSION ..................................................................................................................... 12

**Federal 9th Circuit Court**

In Matter of Owens, 552 F.3d 958 (9th Cir. 2008) ........................................................................ 4

In re St. Paul Self Storage Ltd. P'ship, 185 B.R. 580, 582-83 (9th Cir. BAP 1995) .................... 11

In re Victory Construction, Inc., 37 B.R. 222 (9th Cir. BAP 1984) ............................................. 10

**Cases**

In re Avila, 311 B.R. 81, 83 (Bankr. N.D. Cal. 2004) .................................................................. 11

In re Beach Club, 22 B.R. 597 (Bankr.N.D.Cal.1982) ................................................................. 10

Michaels v. Mulholland, 115 Cal.App.2d 563 (Cal. Ct. App. 1953) ............................................. 8

Sousa v. Capital Co., 220 Cal.App.2d 744 (Cal. Ct. App. 1963) .................................................. 8

**Statutes**

1 U.S.C. § 1112(b) .................................................................................................................... 4, 10

11 U.S.C. § 361 ............................................................................................................................ 11

11 U.SC. § 362 ............................................................................................................................. 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Movant Paul Nguyen (hereinafter "Movant") moves to dismiss Debtor's Chapter 11 Bankruptcy, under 1112(b) or alternatively, Movant requests the debtor's real property located at 12329 Kosich Place, Saratoga, CA 95070 (hereinafter "Subject Property") income stream be diverted to him, though his demand for rents. Said demand by Movant is barred by the statute of limitations and judicial estoppel. Further, the more than 70% equity cushion is sufficient adequate protection for movant if in fact his alleged claim was valid, which it is not. What is clear is Movant is not the only secured creditor, and in fact, is the minority creditor, or junior lien holder. Any purported dismissal must consider all *creditors* not just movant. *In Matter of Owens*, 552 F.3d 958 (9th Cir. 2008)

At issue in this bankruptcy is a 2003 Note and Deed of Trust, in which Movant claims he advanced $215,000 to settle a 2003 Note and Deed of Trust on behalf of Vince and Teri Nguyen, Trustees of the Ha-Nguyen Living Trust dated 12/11/2004 (hereinafter "assignor") Debtor has been assigned all interests and rights and thereby stands in the shoes of the assignors. Bank of New Mellon is the purported assignee of the 2003 Note and Deed of Trust and claims Movant did no such thing as its interest remains on record. (RJN # 8, assignment from AWL to Bank of New York Mellon.)

Movant argues the basis for his motion is Debtor filed this case to derail entry of a judgment of dismissal, or as a separate issue that Debtor is withholding or using cash collateral without court authorization or Movant's consent. (Doc. 19, p.10:9-16) None of these arguments are valid. For all of the reasons as detailed herein, Debtor requests this motion be denied.

### II. FACTUAL BACKGROUND

**A. Facts**

Teri Ha-Nguyen (a/k/a Teri Ha) as an individual (hereinafter "Teri"), entered into a financial transaction with America's Wholesale Lender ("AWL,") on September 30, 2003 for a loan in the amount of $835,000.00. (RJN Exh. 1, Deed of Trust as recorded in the public records as Instrument Number 17404380.) On September 9, 2009, Teri transferred ownership interest in

4
OPPOSITION TO MOTION TO DISMISS

the property to the Ha-Nguyen Living Trust, dated December 10, 2004 in which Vince Nguyen (hereinafter "Vince) and are the trustees of the trust. (hereinafter "Trust.") (RJN Exh. 2, Assignment to Trust)

In 2011, Movant solicited Teri, telling her that he was a licensed attorney from New York, specializing in settling loans that had been securitized. (Movant *now* disclaims he owned Global Capital, but rather was the "Operations Manager." (RJN # 3, Dec. Paul Kim Phong Nguyen declaration claiming to be the Operations Manager.)) On the advice (and with the assistance) of Movant, Teri filed a lawsuit against AWL for TILA/RESPA violations. (Teri ("Teri") Decl., ¶¶ 5,6)

Upon filing of the lawsuit, Gary Harre, (hereinafter (Harre") as the principal attorney of Global Capital Law Firm substituted in as the attorney for Teri, then Harre had Brian Davies, a member of Chase Merritt Fund I, LLC (a LLC in which Mr. Harre, Movant and Mr. Davies were members), serve the complaint on AWL. Except he did not serve it on the actual AWL, but rather served it one Jan Van Eck a/k/a Maurice Van Eck (hereinafter "Van Eck") who was impersonating AWL by claiming he was representing AWL as an Executive Vice President with authority to settle AWL loans.

As detailed in the Petition to the Court of Appeals, which includes lawsuits from Bank of America who purchased Countrywide Home Loans, Inc., there are three "AWL" entities. (RJN # 10) The first is the dba of Countrywide Home Loans, Inc. in which Countrywide uses the dba and trademark "America's Wholesale Lender." (AWL1) Dennis Bell set up a second AWL, incorporating it in New York State, then set up a separate mailbox service to receive mail intended for the AWL and started fraudulently settling AWL loans with unsuspecting borrowers.. (AWL2) Van Eck set up an identical address to Bell, except his mailbox is 510, whereas Bell's was 105.

Mr. Van Eck used his own version of AWL stationary and used the mailbox service, listing the mailbox as a "suite" to which he received correspondence intended for the actual AWL or Bell's AWL2, and separate bank accounts. In reality Van Eck is an individual living in Connecticut that has no relationship to the actual AWL, or authority from the actual AWL to act

on behalf of AWL, nor was he authorized by Dennis Bell to act on behalf of Bell's AWL2. (RJN # 4, Dennis Bell Declarations) Both Bell, and Van Eck were taking borrower's money saying they were settling the AWL loans and issuing fraudulent conveyances.

Unaware of the scam being ran by M. Harre, Movant and Van Eck[1], Teri entered into a settlement agreement, facilitated by Movant, in which $315,000 was to be paid to AWL within 30 days. (RJN 5, Settlement Agreement) This settlement agreement specially states the agreement is to clear the 2003 AWL loan, for the deed of trust recorded as Instrument Number 17404380. (RJN 5, Empire-Exh., p.4:15, p.5:16-20, p.6:15-27)

Teri then paid Movant $100,000 towards the settlement of $315,000 in two separate payments, one for $60,000 and a wire transfer of $40,000. On July 28, 2011 Movant emailed Teri the escrow instructions for finagling the settlement agreement payment, and in a second email, representing to Teri once she deposited the money, he would transfer the funds to AWL. He then attached the "wire transfer" showing $200,000 to be transferred to AWL. (Teri Decl., ¶¶ 8-12, Exh. 2 and 3) The address listed on the wire transfer is for the AWL3 impersonating AWL. (See Teri Decl. Exh. 3, address listed as 675 Avenue of the Americas, Suite 501, New York, New York, in contrast to the address listed on the 2003 DOT showing AWL address Post Office Box 10239, Van Nuys, California) Of note, this wire transfer shows no evidence of any actual transfer occurring; but based on Movant's claim to have advanced the funds to AWL, the trustees of the Trust, entered into "Note" with Paul for $215,000 with a maturity date of July 28, 2012. (Doc. # 12, p.3, and p.5-p.9) (Debtor does not know why the amounts are different.)

On July 29, 2011, Movant emailed the assignors the "escrow instructions." (Teri Decl., ¶ 9, Exh. 2), Bell signed a reconveyance, reconveying the 2003 AWL Deed of Trust, which was recorded on July 28, 2011. (RJN # 6, AWL Reconveyance of 2003 Deed of Trust)

At the *recommendation and with full knowledge of Movant,* the trustees of the Ha-Nguyen Trust worked with Beall (hereinafter "Beall"), a California attorney working for Global

---

[1] The fraudulent mortgage scam is the subject of two state litigations. At present, the two litigations are proceeding as to the original borrower (i.e., Ha-Nguyen Living Trust) and Movant's cross claims but is on stay as to any claims by Debtor, including the Petition for Writ of Mandate.

Capital Law Firm, for transfer of ownership interest in the Subject Property to debtor, including the liens. (RJN # 7, Assignment of Interest and Liens to Debtor) Movant admits the assignor asked for assistance from Global Capital Law to assist with estate planning, and one Diane Beall was assigned. Movant claims he had no knowledge of the transfer or if Ms. Beall had been retained. This is contradicted by a series of emails in which Movant acknowledges the engagement of Beall and further, Beall discloses discussions with Movant.

In December of 2011, Mortgage Electronic Registrations Systems, Inc. ("MERS") transferred interest in the AWL Deed of Trust to Bank of New York Mellon. (RJN # 8, AWL assignment to Bank of New York Mellon) MERS is identified as the nominee of AWL on the original DOT. (RJN # 1)

There are now two liens on the property; the original 2003 DOT from AWL now purportedly owned by Bank of New York Mellon as a result of the 2011 Assignment of Deed of Trust, and the deed of trust from Movant in which Movant claimed to have paid off the 2003 DOT with the $100,000 paid by Teri, and $215,000 of Movant's own funds he purportedly advanced to AWL and is the second lien on the Debtor's schedule, though the assignors as the original borrowers, paid the 2011 Note in full. (See below for graph of transactions.)

Teri paid $60,000 on the 2011 Note in which Movant asked Teri to pay his daughter Pauline Nguyen, on his behalf. Teri did as asked and paid Pauline $60,000, noting in the memo "AWL/Kosich." (Teri Decl., ¶ 12, Exh. 4, $60,000 payment)

There is a dispute over a refund of $187,070.40 that the assignors as the original borrowers claim Movant owes to the assignors. (Teri Decl., ¶¶ 13, 14, Exh. 5, 187,070.40 payment.) On behalf of the Debtor, the assignors agreed that Movant could apply the refund to the 2011 Note to clear the lien on the Subject Property. Movant admits he received the money, but denies he is required to refund the money. Because the money was specifically and intentionally earmarked to pay off the lien on behalf of the Debtor, Debtor is a 3rd party beneficiary of the refund, Debtor is listing this as a claim against Movant.

In 2017, Movant filed two bankruptcies with schedules. In each schedule he specifically states under penalty of perjury that he has no interest in any other property, or any monies due to

him, listing that he had less than $50,000 in assets as to any property, or money owed to him. (RJN # 9, Exh. 9, a true and correct copy of the bankruptcy schedules.)

In 2021 the Debtor and the Ha-Nguyen Trust sued Movant, Parker Foreclosure Services and Chase Merritt Fund I, LLC known as Case Number 21CV379828 in the Santa Clara Superior Court. The matter is proceeding as to Parker Foreclosure Services and Chase Merritt Fund I, LLC but a demurrer as to Movant was sustained without leave to amend because it was *unopposed.* Debtor moved for relief under Code of Civil Proc., § 473, which was denied. In response, Debtor and the Ha-Nguyen Trust filed a Petition for Writ of Mandate with the Court of Appeals, which has been stayed due to this bankruptcy filing. (RJN # 10, a true and correct copy of the Petition. If the court wants the exhibits, Debtor will submit those.) Sustaining of a demurrer, without leave to amend, is an **interlocutory order** that is not appealable because it is not a *final judgment of dismissal. Sousa v. Capital Co.*, 220 Cal.App.2d 744 (Cal. Ct. App. 1963); *see also Michaels v. Mulholland*, 115 Cal.App.2d 563 (Cal. Ct. App. 1953) [Formal judgment of dismissal required as court can change its mind before entry of dismissal.]

In response to the complaint, Movant filed a Cross Complaint, which he amended when Debtor and the Trustees of the Trust filed a Demurrer. Debtor demurred the First Amended Complaint, which the court granted with leave to amend. There is now a third demurrer pending as to the Second Amended Cross Complaint, due to be heard on September 22, 2022. (RJN # 11, Movant's Second Amended Cross Complaint.) This matter is proceeding except as to Debtor.

On July 6, 2022 Debtor and the Ha-Nguyen Trust filed a second lawsuit against Movant and Jan Van Eck a/k/a Herman Van Eck, a/k/a Maurice Van Eck a/k/a Mauritz Van Eck, a/k/a Martiz Van Eck a/k/a George Thomas; Gary Harre; Global Capital Law Group, PC; Chase Merritt I; and DOES 1 through DOES 10 inclusive for fraud and conspiracy to commit fraud. This matter is known as Case Number 22CV398824. That matter is proceeding in the state court as to all parties except as to Debtor.

Debtor anticipates filing an adversary proceeding to avoid one of the liens as Debtor does not owe both.

B. Graph of Transactions

| LOAN | Purpose | CREDITOR/Assignor | BORROWER/Assignee | DOCUMENT |
|---|---|---|---|---|
| $835,000 | Finance | AWL | Teri Ha Nguyen | 2003 DOT and Note |
| N/A | Transfer of Ownership Interest in Property | Teri Ha Nguyen | Ha-Nguyen Trust | 2009 Grant Deed |
| $315,000 | Settle AWL 2003 Loan | AWL | Teri Ha-Nguyen | June 2011 Settlement Agreement |
| $100,000 | Cash Payment towards AWL Settlement paid to Paul Nguyen | AWL | Teri Ha-Nguyen | Check/wire transfer June and July 2011 |
| $215,000 | Funds Advanced for AWL for settlement | Paul Nguyen | AWL | July 2011 DOT and Note (no evidence of payment to AWL) |
| N/A | Reconveyance | Dennis Bell from AWL2 | Teri H. Nguyen | July 2011 Reconveyance of 2003 DOT |
| 60,000 | Payment on Nguyen Loan | Paul Nguyen | Teri H. Nguyen paid Pauline Nguyen at Paul's request | Check dated August 22, 2011 from Teri to Pauline. |
| N/A | Transfer of Ownership Interest and liability for liens | Ha-Nguyen Trust | Empire Investments | September 2011 Grant Deed |
| $835,000 | Transfer of ownership interest as the loan paid off by Paul Nguyen was not paid off. | Bank of New York Mellon | Transfer from AWL via MERS | December 2011 Assignment |
| $187,070.40 | Funds for settlement on Bruce Property Loan | Paul Nguyen via Chase Merritt Fund I, LLC to pay creditor | Vince and Teri Nguyen | Check dated May 21, 2012 |
| $187,070.40 | Refund Due | Vince and Teri Nguyen | Paul Nguyen owed a refund on Bruce Loan as creditor not | August 11, 2012- refund due |

| | | | | | |
|---|---|---|---|---|---|
| | | | | paid | |
| $187,070.40 | Refund Due | | Empire Investments | Paul Nguyen agrees to apply refund to 2011 Note. | January 21, 2016 |

## III. STANDARD FOR DISMISSAL

11 U.S.C. § 1112(b) governs the dismissal or conversion of Chapter 11 petitions. It provides in part: [T]he court may convert a case under [Chapter 11] to a case under Chapter 7 . . . or may dismiss a case under this chapter, whichever is in the best interest of creditors **and the estate**, for cause. . .. *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999)

## IV. LEGAL ARGUMENT

### C. Movant is Not the Only Lien Holder

Movant claims his lien is the *only lien encumbering the property.* (Doc. # 19, p.12:14-16) This is incorrect. Bank of New York Mellon has a lien for the 2003 Note and Deed of Trust that Movant claims he advanced $215,000 to settle (clear) with the original creditor, AWL. (RJN # 8, Lien by Bank of New York Mellon) The issue in this bankruptcy is not the fraudulent means in which Movant secured his claim which is being litigated in the state court, but rather how could Bank of New York Mellon have a lien for a DOT that AWL reconveyed, based on Movant's claim he paid it off in the settlement? (RJN # 6)

" single asset real estate" cases are permitted to reorganize through chapter 11 when there are sufficient funds available to make adequate protection payments. See *In re Beach Club*, 22 B.R. 597 (Bankr.N.D.Cal.1982)[Finding equity in property the objecting lender is not prejudiced and there is a reasonable chance of reorganization]; *In re Victory Construction, Inc.*, 37 B.R. 222 (9th Cir. BAP 1984) [Proposing a feasible confirmation plan shows plan not in bad faith.]

There is sufficient equity in the subject property to satisfy any lien, Bank of New York Mellon, or Movants, if they are successful in validating their individual claims. The Subject Property has a current estimated value of $3,644,800 according to the latest Zillow estimates; see also Redfin estimating current value at $3,950,422. (RJN ## 12 and 13)

The Ninth Circuit in the 11 U.SC. § 362 context recognized in *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984), that an "equity cushion" is an acceptable method of adequate protection even though the approach is not specifically mentioned in 11 U.S.C. § 361. 734 F.2d at 1400. The court even held that an equity cushion may serve as the sole basis for adequate protection. *Id*. Here, a foreclosure would substantially harm the Debtor. "Where a creditor is adequately protected by a large equity cushion, the debtor would suffer a substantial loss in the event of foreclosure, and no economic harm to the creditor would result, relief from stay should not automatically follow a default in payment." *In re Avila*, 311 B.R. 81, 83 (Bankr. N.D. Cal. 2004) Debtor will be substantially harmed if forced to clear *both liens* through the foreclosure when one of those liens purportedly cleared the other or either is found to be invalid. The Bank of New York Mellon lien is for $682,75.21; any foreclosure will force Debtor to pay *both liens* before resolution of this dispute. (Doc. #35, p.8) That also makes this a three-party dispute (or four), not the two-party dispute that Movant claims it is.

**D. Petition Filed In Good Faith**

As discussed in the Opposition to Movant's Motion for Relief from Stay, Movant claims Debtor filed this petition in bad faith. To determine whether a debtor has filed a petition in good faith, courts weigh a variety of circumstantial factors such as whether: (1) the debtor has only one asset; (2) the debtor has an ongoing business to reorganize; (3) there are any unsecured creditors; (4) the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and (5) the case is essentially a two-party dispute capable of prompt adjudication in state court. *In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. 580, 582-83 (9th Cir. BAP 1995) ("St. Paul").

1. There is no dispute Debtor has one asset, the Subject Property.
2. Debtor does have an ongoing business, management of the Subject Property, which provides an income stream to the business.
3. The unsecured amount is unclear at this moment. The result of the adversary proceeding by Debtor will clarify whether Movant liens is completely invalid due to his failure to pay for the 2003 Note as required in the settlement or is not a secured

lien and/or partially an unsecured lien. Movant makes no mention of Bank of New York Mellon's lien which Movant claimed to advance $215,000 to pay off the lien. BNYM lien remains on title subject to payment.

4. Debtor has a cash flow of receipts of $9,000 per month, in which approximately $2,749.43 is used for management of the asset leaving $6,250.57 for payment towards any valid, secured creditor. (Vince Nguyen Decl. *generally*) Though arguably the equity cushion is a sufficient adequate protection such that no payments should be required.

At issue in this bankruptcy is resolution of the two liens as they are both related to and specific to the original 2003 loan and DOT with AWL. The central matter at issue is whether the claim by Bank of New York Mellon is valid in that Movant never advanced any payment to them, or alternatively, the claim by Bank of New York is invalid because Movant did in fact advance the funds as represented. This is at minimum a three/four-party dispute – Bank of New York Mellon, Movant, Debtor as owner and assignee of the lien, and the Trustees of the Trust as the seller of the property, original borrowers, and assignors.

## V. STATE COURT PROCEEDINGS

Movant appears to be asking this court to take a review of the state court proceedings, in which the majority of his arguments and skewed assessments are not relevant to this motion. The state court proceedings, while seeking to stop the foreclosure, are specific to Movant's lien being paid in full, and the later acquired knowledge Movant's lien was procured through a fraudulent mortgage scam. But those issues are specific to Movant and the Debtor; Bank of New York Mellon is not part of the state court proceedings but has a lien against the title which conflicts with Movant's lien. Debtor needs these liens resolved. The status of the preliminary injunction is currently before the Court of Appeals. (RJN # 10)

## VI. CONCLUSION

Contrary to Movant's false claim he is the only secured creditor, he is not. Bank of New York Mellon claims a lien on the very 2003 DOT Movant claims Debtor became indebted to him when Movant purportedly paid off the 2003 DOT. As a single asset bankruptcy in which Debtor

will be substantially harmed if this issue of conflicting liens is not resolved, the bankruptcy is not in bad faith. Movant's motion must be denied.

Dated: August 23, 2022      */s/Vinod Nichani*_____
Vinod Nichani,
(Proposed) Attorney for Debtor-in-Possession EMPIRE INVESTMENTS LLC dba EMPIRE INVESTMENTS TEAM, LLC