VINOD NICHANI|SBN 277607
NICHANI LAW FIRM
111 North Market Street, Suite 300
San Jose, California 95113
Phone: 408-800-6174
Fax: 408-290-9802
Email: vinod@nichanilawfirm.com

(Proposed) Attorney for Debtor-in-Possession
EMPIRE INVESTMENTS LLC dba EMPIRE
INVESTMENTS TEAM LLC;

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVSION

| | |
|---|---|
| In re:<br><br>EMPIRE INVESTMENTS LLC dba EMPIRE INVESTMENTS TEAM LLC;<br><br>Debtor-in-Possession. | Case No.: 22-50645 SLJ<br><br>Chapter 11<br><br>DECLARATION OF TERI HA-NGUYEN IN SUPPORT OF DEBTOR'S OPPOSITIONS TO MOVANT PAUL NGUYEN'S MOTION TO DISMISS; MOTION FOR RELIEF FROM STAY; AND MOTION FOR SEQUESTRATION<br><br>Date: September 6, 2022<br>Time: 2:00 p.m.<br>Place: Via Video or Teleconference<br>United States Bankruptcy Court<br>280 South First Street<br>Courtroom 9<br>San Jose, California 95113 |

My name is Teri Ha-Nguyen. I hereby declare as follows:

1. I am not a party to this bankruptcy but am the trustee of the Ha-Nguyen Living Trust, dated 12/11/2004, the original borrower of the disputed 2011 Note and Deed of Trust and the assignor of the note and deed of trust to Debtor.

2. I am also the manager of the Debtor.

1

3. I have personal knowledge of the facts stated herein, and if called to testify, I would, and could competently testify as I am declaring herein.

4. In May 2011, Paul Nguyen ("Movant") claimed that he had won a quiet title lawsuit against Chase Bank, he had settled 200 accounts with American Wholesale Lender ("AWL") and he could provide assistance and representation in the settlement of our account with AWL. He made the following representations to me at the time:

   a. That he was a licensed attorney specializing in securitization from New York and that he graduated from Harvard Law School.

   b. That his entity Chase Merritt Fund I ("Chase Merritt") had over 80 million in assets and in which the company, with the assistance of his law firm, Global Capital Law could settle loans.

   c. He and his firm Chase Merritt were well connected to America's Wholesale Lender in settling loans.

   d. He was on the board of directors for PHI Group, Inc., holding millions of shares in the company. He provided a copy of his biography as filed with the SEC in June of 2011 claiming he was an attorney.

   e. He was a guest speaker traveling the country teaching other attorneys, and borrowers, on how to litigate and settle loans that were purportedly securitized.

5. Movant's claim of his connections with AWL, Global Capital and Chase Merritt were confirmed by the attorneys at the Global Capital Law Firm, attorney Gary Harre and attorney Diane Beall. There were public statements made on websites such as LivingLies.org that educates borrowers, in 2011 in which other individuals believed Movant's misrepresentations. (And have since learned they were defrauded too.)

6. In reliance on these claims, and believing Movant to be an experienced, licensed attorney, I relied upon his advice. Movant sent me the filed complaint he drafted and filed on my behalf, with the summons and service and acknowledgement. The complaint was against AWL, and served by Brian. The complaint against AWL was for TILA/REPA Violations. Then later that evening Movant sent me the "Judgement Package" for settling the lawsuit.

2

Case: 22-50645   Doc# 48   Filed: 08/23/22   Entered: 08/23/22 22:16:07   Page 2 of 20
TERI HA-NGUYEN DECLARATION IN SUPPORT OF OPPOSITIONS TO PAUL NGUYEN'S MOTIONS

7. Upon filing the complaint, Gary Harre, an attorney from Global Capital Law substituted in as my legal representative.

8. I was told by Movant that AWL would settle my loan for $315,000, which had to be paid within 30 days of the settlement. I agreed and entered the settlement agreement.

9. I then made two payments, one for $60,000 and another one for $40,000 on July 29, 2011 as demanded by Movant to cover the initial $100,000 on the settlement agreement.

10. On July 28, 2011 Movant sent me a copy of the escrow instructions for finalizing the settlement agreement. (Exh. 1, a true and correct copy of the escrow instructions attached to an email from Paul Nguyen.)

11. On July 28, 2011 Movant sent me an email telling me he was advancing $200,000 to AWL on my behalf but needed the funds to be paid back. To show he was advancing the funds, he attached a copy of the alleged wire transfer. (Exh. 2, a true and correct copy of the wire transfer.) In lieu of the payment, Movant agreed to advance the funds and sign an agreement with me and my husband Vinh "Vince" Nguyen, as trustees of the Ha-Nguyen Living Trust in the form of a Note for $215,000 secured by a deed of trust.

12. Thereafter, a reconveyance from AWL was recorded, reconveying the 2003 deed of trust.

13. On or about August 11, 2011 Movant requested I make a payment on the note in the amount of $60,000 to his daughter Pauline Nguyen, which I agreed and complied with by sending her a check. (Exh. 3, a true and correct copy of the check.)

14. After the settlement I informed Movant of our interest in transferring ownership interest in the Subject Property to a new and separate LLC for estate planning purposes. Movant recommended I work with an attorney at his law firm, one Diane Beall. Through the transaction the subject property was sold to debtor.

15. I also began working with Movant on other loan settlements, such that in the different conversations Movant knew of my intent to transfer the 2011 Note and DOT of trust, with interest in the Subject Property to Debtor.

16. During the time that I was working with Movant for settlement of the AWL

3

loan, I also worked with him on settlement for a separate property owned by my family known as the Bruce Property. I paid Movant $187,070.40 for settling the loan with the creditor on the Bruce Property. (Exh. 4, a true and correct copy of the payment.)

17. The creditor was never paid, and on August 11, 2012 I demanded a refund. Paul then disappeared, in which I believe he left the country. For three years I attempted to locate Movant to sue him for the refund.

18. Movant returned to the states in late 2015. In January 2016, based on telephone conversation with Movant, he agreed that if no lawsuit was filed in regards to the Bruce Property Loan, and in lieu of refunding the $187,070.40 which he had spent, he would apply the refund to the 2011 Note on behalf of Ha-Nguyen Trust and the Debtor.

19. Believing he did as he said no further actions were taken. Nor did Movant ever demand or ask for payments on the 2011 Note.

20. In February of 2021, Movant filed a Notice of Default, falsely claiming no payments had been made and that the Ha-Nguyen Trust and Debtor were in default on the 2011 Note.

Under penalty of perjury of the laws of the United States of America, I declare that the foregoing is the truth, except that on items I mentioned "On information and belief," those are the best of my knowledge and/or my memory, and that this Declaration is executed in San Jose, on the date shown below.

DATE: August 23, 2022            _____
                                                           TERI H. NGUYEN

# EXHIBIT 1

# EXHIBIT 1

This one sent by Paul to escrow with Dennis Bell's signature

----- Forwarded Message -----
**From:** Paul <mnapaul1@gmail.com>
**To:** "teriha11@yahoo.com" <teriha11@yahoo.com>; "vincen@newtonlawgroup.com" <vincen@newtonlawgroup.com>; "vincen1948@gmail.com" <vincen1948@gmail.com>
**Sent:** Tuesday, July 19, 2011 at 05:53:57 PM PDT
**Subject:** Nguyen Escrow

>

5) We jointly and severally, agree that in the event of cancellation we shall pay you a sum sufficient to pay you for any expenses which you have incurred pursuant to these instructions and a reasonable cancellation fee for services rendered by you, said expenses and fees to be put in escrow before cancellation is effective. We further agree that said charges may be apportioned to us in a manner which you consider equitable and that your decision in that regard will be binding and conclusive upon us. Any funds which have been deposited by a licensed real estate broker for either or both of us shall be returned to such broker.
6) Any action brought against the escrow holder, based on these instructions or the transaction arising therefrom, shall be filed within one (1) year from the closing of said escrow, or shall be forever barred.
7) Recordation of any instruments delivered through this escrow, if necessary or proper in the issuance of the policy of title insurance called for, is authorized, and in connection therewith, funds and/or instruments received in this escrow may be delivered to, or deposited with any Bank, Title Company, Savings and Loan Association, or Licensed Escrow Agent, subject to your order, prior to the close of escrow, for the purpose of complying with the terms and conditions of these escrow instructions.

**America's Wholesale Lender**

By: _____  {Seal}
Dennis L. Bell, President

(Corporate America's Wholesale Lender Inc. Seal)

D. Prior to the closing date, Borrower will hand you the sum of $315,000.00, in the form of electronically wired funds OR a cashier's check drawn on a California bank, and will deliver to you any instruments executed by me, all of which you are instructed to use and/or recorded on or before July 28, 2011:
   a. The Substitution of Trustee and Reconveyance of Deed of Trust as described above.
E. All costs in connection with the escrow shall be borne by Borrower.

**GENERAL INSTRUCTION**

1) You are hereby authorized to destroy without liability and without further notice to us, all documents, papers, instructions and any other material in connection with this escrow five years after termination of same.
2) We, jointly and severally, agree to save and hold you harmless, by reason of any misrepresentation or omission by any of the parties to this escrow as to compliance with rules and/or regulations of any governmental agency, State, Federal, Municipal, or otherwise, as concerns rent control, priorities, price ceilings, and matters of a like nature.
3) In the event that the conditions of this escrow have not been complied with at the expiration of the time provided for herein, you are instructed to complete the same at the earliest possible date thereafter, unless we or either of us have made written demand upon you for return of the money and/or instruments deposited by either of us, in which case you may return all instruments and/or funds to the respective parties hereto and this escrow will without further notice be considered terminated, or you may withhold and stop all further proceedings in this escrow without liability for interest on funds held or for damages or otherwise until receipt of mutual cancellation instructions by all parties shall have been deposited in this escrow, whereupon you are then instructed to disburse the escrow funds and instuments accordingly, less your proper charges.

   You are further authorized and instructed to remit all the funds by your check to the party(ies) depositing same in this escrow if this escrow is not consummated, unless specifically instructed to the contrary.
4) If conflicting demands are made or notice served upon you or legal action is taken in connection with this escrow, you shall not be required to determine the same or take any action in the premises, but may withhold and stop all further proceedings without liability therefore, or you may file suit in interpleader or for declaratory relief. If you are required to respond to any legal summons or proceedings or if any action of interpleader or declaratory relief is brought by you, we jointly and severally agree to pay all costs, expenses and reasonable attorney's fees expended or incurred by you, and a lien is hereby created in your company's favor to cover said items. We agree to save you harmless as escrow holder hereunder from all loss and expenses, including reasonable attorney's fees and court costs sustained by reason of any action, legal or otherwise, which may in any way arise out of this escrow, before or after closing, notwithstanding anything in these instructions to the contrary.

Page 2

Case: 22-50645   Doc# 48   Filed: 08/23/22   Entered: 08/23/22 22:16:07   Page 8 of 20

**AMERICA'S WHOLESALE LENDER**
875 AVENUE OF THE AMERICAS, STE 501
NEW YORK, NY 10001

## CLOSING INSTRUCTIONS

THESE ARE
AMERICA'S WHOLESALE LENDER ("AWL" OR "LENDER") CLOSING AND RECORDING INSTRUCTIONS TO YOU REGARDING THE STIPULATED JUDGMENT IN THE MATTER OF NGUYEN V. AMERICA'S WHOLESALE LENDER ET.AL., SANTA CLARA SUPERIOR COURT CASE NO. 111-CV-202240. THE LOAN MAY ONLY BE CLOSED IN STRICT COMPLIANCE WITH THE TERMS IN STIPULATED JUDGMENT ATTACHED HEREIN. CONDUCTING THE CLOSING WILL BE DEEMED ACCEPTANCE OF THE TERMS HEREIN.

TO: OLD REPUBLIC TITLE COMPANY
ATTN: SHARON E. LA FOUNTAIN
1900 THE ALAMEDA
SAN JOSE, CA 95126

CASE #: 1 11-CV-202240

A. <u>TIME LIMITATIONS.</u> The loan must close on or before July 28, 2011.
B. <u>LOAN DOCUMENTS.</u> Enclosed herewith we are hereby delivering to you, to be held in trust and handled in accordance with the terms of these closing instructions, each of the following documents (which documents, shall be referred to collectively as the "Documents".

*********************************************************************************
ENCLOSED ARE THE FOLLOWING DOCUMENTS
Substitution of Trustee and Reconveyance of Deed of Trust – instrument number 17404389.

Judgment – Case No. 111-CV-202240

*********************************************************************************

C. Lender instructs escrow holder to wire the proceeds due the Lender as follows:
**CITY NATIONAL BANK**
Beneficiary: America's Wholesale Lender, Inc.
423 Ferry Street
Metropolis, IL
PH (619) 524-2161
Routing Number: 081204281
Account Number: 2028735

Case: 22-50645    Doc# 48    Filed: 08/23/22    Entered: 08/23/22 22:16:07    Page 9 of 20

# EXHIBIT 2

# EXHIBIT 2

# Wire confirmation

From: Paul Nguyen (mnapaul1@gmail.com)
To:     teriha11@yahoo.com; vincen@newtonlawgroup.com
Date:   Thursday, July 28, 2011, 12:40 PM PDT

 temp2.pdf
395.2kB

## Chase Merritt Fund I wire info

From: Paul Nguyen (mnapaul1@gmail.com)

To: vincen@newtonlawgroup.com; teriha11@yahoo.com

Date: Thursday, July 28, 2011, 05:30 PM PDT


Please let me once you wire before I send out to AWL.  There is not enough in the account.
 Thanks

JPMorgan Chase Bank, NA
7830 Edinger ave
Huntington Beach, CA 92647
Beneficiary: Chase Merritt Fund I, LLC
Routing: 322271627
Account number: 978450849

# Wire confirmation

From: Paul Nguyen (mnapaul1@gmail.com)
To: teriha11@yahoo.com; vincen@newtonlawgroup.com
Date: Thursday, July 28, 2011, 12:40 PM PDT

 temp2.pdf
395.2kB



# FARMERS & MERCHANTS BANK OF LONG BEACH
## OUTGOING DOMESTIC WIRE TRANSFER REQUEST AND AUTHORIZATION

REFERENCE NUMBER: _____
CONTROL: 04-13610

| Field | Value | Field | Value |
|---|---|---|---|
| SENDING BANK | FARMERS & MERCHANTS BANK | SENDING BANK ABA | 122201198 | 
| | | AMOUNT | $ 200,000.00 |
| RECEIVER BANK | City National Bank | RECEIVER BANK ABA | 081204281 |
| | | FEE | 45.00 |
| ORIGINATING CUSTOMER | Paul Kimphong Nguyen | BENEFICIARY | Americas Wholesale Lender Inc |
| ORIGINATOR ACCOUNT NUMBER | (illegible) | BENEFICIARY ACCOUNT NUMBER/ABA | 2020735 |
| ORIGINATOR ADDRESS | 16141 (illegible) St | BENEFICIARY ADDRESS | 675 Avenue of the Americas, Ste 501 |
| ORIGINATOR CITY, STATE & ZIP CODE | Westminster, CA 92683 | BENEFICIARY CITY, STATE & ZIP CODE | New York, NY 10001 |

ORIGINATOR EMAIL ADDRESS: 

ORIG TO BNF INFO (80 CHARACTER LIMIT): Ref: Judgment 111-cv-202240

PURPOSE OF WIRE (CUSTOMER DEFINED): Loan to Nguyen for mortgage pay-off

BENEFICIARY BANK: 
INTERMEDIARY BANK:
BENEFICIARY BANK ACCOUNT NUMBER/ABA:
INTERMEDIARY BANK ACCOUNT NUMBER:
BENEFICIARY BANK ADDRESS:
INTERMEDIARY BANK ADDRESS:
BENEFICIARY BANK CITY, STATE & ZIP CODE:
INTERMEDIARY BANK CITY, STATE & ZIP CODE:

DATE: 7-28-15
CUSTOMER PHONE: 714-860-7802

### BANK USE ONLY

TIME RECEIVED: 11:32
BRANCH OPENED: 60/04

Rev. 2/20(xx)

Case: 22-50645   Doc# 48   Filed: 08/23/22   Entered: 08/23/22 22:16:07   Page 14 of 20

## FARMERS & MERCHANTS BANK OF LONG BEACH
## WIRE TRANSFER REQUEST AND AUTHORIZATION AGREEMENT

## IMPORTANT: READ CAREFULLY BEFORE SIGNING

I authorize Farmers & Merchants Bank of Long Beach ("the Bank") to transfer money as shown on the front of this wire order (called a "money transfer"). The Bank will send the money by its usual methods. I agree that the Bank will not be responsible for losses to me or to another person or company for any one or more of the following reasons:

1. Cause beyond the Bank's control.
2. Failure or negligence of other banks used for the money transfer.
3. Delay, error or omission of any telegraph, cable or mail service.
4. Act or regulation of a government or other authority.

The Bank does not have to get a receipt from the beneficiary of the money transfer. If I request, the Bank will try to confirm payment of the money transfer and I agree to pay for that confirmation. My request must be at least three weeks after the date of the money transfer.

If I ask the Bank to transfer foreign currency, it may exchange my money for the foreign currency any time up to and including the transfer date. I understand that for this kind of money transfer I am in effect buying foreign currency at rates that may change after the date on which the Bank states it made the exchange.

If I cancel a money transfer, the Bank will not refund my application until the Bank determines that the beneficiary has not received the money. Other banks used for the transfer must first return the money and confirm that the beneficiary was not paid.

If I cancel a money transfer, I understand the refund may not be equal to the original amount. The difference could be caused by an increase or decrease in foreign exchange rates. Also, the difference could be caused by cable fees and expenses of the Bank or other banks involved in returning the funds.

Date: 7-28-11        (X) _____ Signature

# EXHIBIT 3

# EXHIBIT 3

## THE CHECK TO PAULINE

From: Vince D Nguyen (vincen@newtonlawgroup.com)
To: mnapaul1@gmail.com
Cc: teriha11@yahoo.com
Date: Monday, August 22, 2011, 10:11 PM PDT

Hi Paul:

Will be in the mail tomorrow.

Thank you for advancing the money for us when we need it.

VN


$60000 check to PN.pdf
27.2kB

TERI HA NGUYEN
12329 KOSICH PL
SARATOGA, CA 95070-3575

90-2267/1211                172

DATE 8/22/11

PAY TO THE ORDER OF  Pauline Nguyen     $60,000

Sixty Thousand even                DOLLARS

**usbank.** All of us serving you℠

MEMO AWL (Kosich)                  /s/ Teri Ha

⑈ 121122676⑈ 153468931248⑈ 0172

# EXHIBIT 4

# EXHIBIT 4

